# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:16CV232

| | |
|---|---|
| DENNIS WAYNE ESTES, | ) |
| | ) |
|                **Plaintiff,** | ) |
| | ) |
| v. | )    ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|                **Defendant.** | ) |
| _____ | ) |

This matter is before the Court on the parties' cross motions for summary judgment (# 12, 13). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, Plaintiff's motion for summary judgment is granted and the Commissioner's motion for summary judgment is denied.

## I.    Procedural Background

On January 23, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Transcript of Administrative Record ("T.") 13.) Plaintiff also filed a Title XVI application for supplemental security income on January 23, 2013. (T. 13.) In both applications, Plaintiff alleged a disability onset date of July 15, 2006. (T. 13.) Plaintiff later amended the alleged onset date to June 30, 2010. (T. 13.)

The Social Security Administration denied Plaintiff's claims initially on April 8, 2013. (T. 133.) The claims were denied upon reconsideration on September 9, 2013. (T. 13.) On October 29, 2013, Plaintiff filed a written request for a hearing. (T. 13.)

On May 29, 2015, an Administrative Law Judge ("ALJ") conducted a hearing in Charlotte, North Carolina. (T. 13.) Plaintiff appeared and testified at the hearing. (T. 13.) Lavonne Brent, a vocational expert, also appeared at the hearing. (T. 13.)

On June 16, 2015, the ALJ denied Plaintiff's claim in a written decision. (T. 13-24.) Plaintiff requested a review of the ALJ's decision, and on October 31, 2016, the Appeals Council denied Plaintiff's request for review. (T. 1-3.)

The ALJ's June 16, 2015, decision became the final decision of the Commissioner. On December 29, 2016, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1).

## II.    Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20

C.F.R. §§ 404.1520, 416.920; <u>Mastro</u>, 270 F.3d at 177; <u>Johnson</u>, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. <u>Monroe v. Colvin</u>, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. <u>Mascio v. Colvin</u>, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. <u>Monroe</u>, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. <u>Mascio</u>, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. <u>Id.</u> The burden is on the claimant to demonstrate that he or she is unable to perform past work. <u>Monroe</u>, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. <u>Mascio</u>, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. <u>Id.</u> The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. <u>Id.</u>; <u>Monroe</u>, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. <u>Mascio</u>, 780 F.3d at 635; <u>Monroe</u>, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits.

Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

## III. The ALJ's Decision

In his June 16, 2015, decision, the ALJ ultimately concluded that Plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (T. 24.) In reaching this conclusion, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through June 30, 2010.

(2) The claimant has not engaged in substantial gainful activity since June 30, 2010, the amended alleged onset date (20 C.F.R. §§ 404.1571 et seq., 416.971 et seq.).

(3) The claimant has the following severe impairments: osteoarthritis, gastro intestinal reflux disease ("GERD"), hypertension, history of prostate cancer, history of chronic obstructive pulmonary disease ("COPD"), gout, depression, and anxiety (20 C.F.R. §§ 404.1520(c), 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

(5) The claimant has the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(d). Function by function, the claimant is able to lift and carry 50 pounds occasionally and 25 pounds frequently. The claimant is frequently able to climb, stoop, kneel, crouch, and crawl. The claimant is frequently but not constantly able to engage in overhead reaching with the bilateral upper extremities. The claimant is able to engage in simple, repetitive, and routine tasks in a stable environment at a nonproduction pace with occasional interpersonal interaction.

(6) The claimant is unable to perform any past relevant work[1] (20 C.F.R. §§ 404.1565, 416.965).

(7) The claimant was born on March 21, 1950, and he was 56 years old, which is defined as an individual closely approaching retirement, on the alleged disability onset date (20 C.F.R. §§ 404.1563, 416.963).

(8) The claimant has at least a high school education, and he is able to communicate in English (20 C.F.R. §§ 404.1564, 416.964).

---

[1] The ALJ found that Plaintiff had past relevant work as a pipe fitter, which is heavy exertional work. (T. 23.)

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform[2] (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant was not under a disability, as defined in the Social Security Act, at any time from July 15, 2006, through June 16, 2015, the date of the ALJ's decision (20 C.F.R. §§ 404.1520(g), 416.920(g)).

(T. 13-24.)

## IV. Standard of Review

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the

---

[2] The VE opined that Plaintiff would be able to perform the requirements of the following representative jobs: (1) inspector, which has 434,170 jobs nationally; (2) packer, which has 666,860 jobs nationally; (3) and garment checker, which has 431,080 jobs nationally. (T. 23-24.)

5

Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. **Discussion**

**The ALJ erred by failing to properly weigh Plaintiff's favorable Medicaid Determination.**

In Plaintiff's first and most compelling argument, he rather summarily contends that the ALJ erred by failing to consider or evaluate his favorable Medicaid Determination. Pl.'s Mem. Law (# 12-1) at 4-6. Plaintiff concludes that remand is warranted. Id. at 6.

At the outset, the Court notes that the Commissioner does not dispute the alleged error, but argues that the ALJ's failure to address the favorable Medicaid Determination is not reversible error. Def.'s Mem. Supp. (# 14) at 5. In light of Fourth Circuit case law and Social Security Ruling ("SSR") 06-3p, the Court is not persuaded.

SSR 06-3p[3] is applicable to the evaluation of Plaintiff's Medicaid Determination. SSR 06-3p, in pertinent part, states:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies. 20 C.F.R. §§ 404.1512(b)(5), 416.912(b)(5)). Therefore, <u>evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.</u>
> . . .
> Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. . . However, the [ALJ] should explain the consideration given to these decisions in the

---

[3] SSR 06-03p was rescinded for claims filed on or after March 27, 2017. Robinson v. Berryhill, No. 1:16-CV-03628-DCN, 2018 WL 746540, at *3 n.2 (D. S.C. Feb. 7, 2018). Plaintiff filed his claims prior to March 27, 2017; thus, SSR 06-03p still applies to this case.

6

notice of decision for hearing cases and in the case record for initial and reconsideration cases.

2006 WL 2329939, at *6-7 (emphasis added).

In <u>Bird v. Comm'r of Soc. Sec. Admin.</u>, 699 F.3d 337 (4th Cir. 2012), the Fourth Circuit Court of Appeals noted that "under the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered." <u>Id.</u> at 343 (citation and internal quotations omitted). The Fourth Circuit ultimately held that "a VA disability determination must be accorded <u>substantial weight</u> in Social Security disability proceedings." <u>Id.</u> at 345 (emphasis added). The Fourth Circuit further held that "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." <u>Id.</u> at 343.

In the instant case, the ALJ failed to mention Plaintiff's favorable Medicaid Determination. <u>See</u> (T. 13-24). Thus, the ALJ failed to comply with SSR 06-3p by overlooking the Medicaid Determination. The ALJ also failed to comply with <u>Bird</u> by failing to give Plaintiff's Medicaid Determination "substantial weight" or clearly explaining how "less weight" was appropriate. For these reasons, the ALJ's decision must be remanded for further proceedings. <u>See</u> <u>Bird</u>, 699 F.3d at 341 n.1 ("[W]e conclude that the ALJ committed legal error by failing to consider properly all the record evidence[.]"); <u>see also</u> <u>Bridgeman v. Astrue</u>, No. 4:07-CV-81-D, 2008 WL 1803619, at *1, *10 (E.D.N.C. Apr. 21, 2008) (remanding for further consideration where the ALJ mentioned the Medicaid ruling, but dismissed its relevance without further discussion).

## VI. Conclusion

In light of the foregoing, Plaintiff's motion for summary judgment (# 12) is GRANTED, and the case will be remanded. The Commissioner's motion for summary judgment (# 13) is DENIED.

7

Signed: March 10, 2018

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge